Nott, J.,
dissenting:
Though it be conceded that the power of removal is vested by the Constitution in the whole of the appointing power, that is to say, in the President and Senate, and not in the President alone, nevertheless it seems to me incontrovertible that an intermediate power of suspension during, the absence of the Senate must exist which can be ascertained and regulated by law.
That law in the present case is the Temvre-of office Aet, 1869, (16 Stat. L., 6, § 2,) which provides that “during any recess of the Senate, the President is authorized to suspend any civil officer” “until the end of the next session of the Senate, and to designate some suitable person, subject to be removed in his discretion by the designation of another, to perform the duties of such suspended officer in the mean time.” It is evident from this that the utmost limit of the suspension is “until the end of the next session of the Senate,” when it ceases absolutely ex m termini, and that the powers and duties and rights and emoluments of the substitute are confined to the period designated as “in the mean time.” On the instant that the Senate adjourns the office reverts to the officer with all the profits which the law attaches to it; and on the same instant the right of the substitute to administer its affairs- ceases, and he becomes an intruder holding over in'his own wrong. Uo action of the Executive is necessary to effect the restoration, and no action of the Executive could retard it — still less could the inaction of an executive department override the statute. Against these very plain and certain terms of the act nothing can be said except that it is subsequently provided that the substitute shall receive the salary of the suspended officer “ during the time he performs *470 his duties.” The statute is thus expressed because that “ time,” which iu no event can extend beyond the “ end of the next session of the Senate,” may be shortened in various ways ;' and the statute means that a substitute who serves for less than the whole period of suspension shall be paid only for the time he serves. But it is manifest that a statute which expressly limits the time for which an officer can be ousted from his office never could have been intended as an authority for the substitute to go on performing the duties of the office, and receiving its salary, after the period of suspension has passed; nor can I conceive of such a thing as an officer legally invested with an office as to which another man, not legally entitled to hold it, may nevertheless perform its duties and receive its emoluments.
The point is of little importance in the present case; but as the decision will incorporate in the statute a provision not to be found there, and will confer upon the executive departments a discretionary power to prolong the suspension of an officer which it was never intended they should have, I must dissent from so much of the decision as denies the right of the claimant to recover for the ten days’ salary of his office withheld from him by the Post-Office Department after the period of his suspension had expired.
Peck, J., was of the same opinion.